(Rev.02 / 2015  )

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### APPEARANCE BOND
CASE NO.:_____15-30-FJL_____

UNITED STATES OF AMERICA
           Plaintiff,                                JAIL #_____

v.

**DAVID ROBERT SUTTON**
           Defendant,
_____/

FILED by _____ D.C.
MAR 17 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of
$ _50,000_   _10% CASH_   _(Co-Signed) By JITKA HANAKOVA_

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

    1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

    2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court  or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.** _AND STATE OF WISCONSIN_

    3. May not change his or her present address as recorded on this bond without prior permission in writing from the court.

    4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

    5. The defendant must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

    6. Shall not commit any act in violation of state or federal laws.

DEFENDANT: **DAVID ROBERT SUTTON**
CASE NUMBER: **15-30-FJL**
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

_✓_a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;
_✓_b. Report to Pretrial Services as follows: ( ✓ ) *as directed or* ____ *time(s) a week in person and* ____*time(s) a week by telephone;*
____c. Submit to substance abuse testing and/or treatment;
____d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;
____e. Participate in mental health assessment and/or treatment;
____f. Participate and undergo a sex offense specific evaluation and treatment;
_✓_g. Maintain or actively seek full-time employment;
____h. Maintain or begin an educational program;
_✓_i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;
_✓_j. Refrain from possessing a firearm, destructive device or other dangerous weapons;
_✓_k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own until the bond is discharged, or otherwise modified by the Court;
____l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.;*
____m. No access to the internet via any type of connectivity device *(i.e. computers, pda's, cellular phones, tv's)*, and follow instructions as outlined in the agreement waiver provided to you by Pretrial Services;
____n. **HOME CONFINEMENT PROGRAM** The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) **will not or** ( ) **will include electronic monitoring or other location verification system, paid for by the defendant** *based upon his/her ability to pay* ( ) **or paid for by Pretrial Services** ( ).
____ **Curfew:** You are restricted to your residence every day from _____to _____, or as directed by the Court.
____ **Home Detention:** You are restricted to your residence at all times except for: ( ) **medical needs or treatment,** ( ) **court appearances,** ( ) **attorney visits or court ordered obligations, and** ( ) **other** _____.

____o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: ( ) **employment;** ( ) **education;** ( ) **religious services;** ( ) **medical, substance abuse, or mental health treatment;** ( ) **attorney visits;** ( ) **court appearances;** ( ) **court ordered obligations;** ( ) **reporting to Pretrial Services; and** ( ) **other** _____.

____p. May travel to and from:_____, and must notify Pretrial Services of travel plans before leaving and upon return.

_✓_q. Comply with the following additional conditions of bond:
____NOT USE OR SAIL ON ANY VESSELS OR_____
____ANY WATERCRAFT_____

DEFENDANT: <u>DAVID ROBERT SUTTON</u>
CASE NUMBER:   <u>15-30-FJL</u>
**PAGE THREE**

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)  an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2)  an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3)  any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4)  a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: DAVID ROBERT SUTTON
CASE NUMBER: ___15-30-FJL___
PAGE FOUR

### PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

### SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

**DEFENDANT**

Signed this 17th day of March, 2015 at Fort Pierce, Florida
Signed and acknowledged before me: DEFENDANT: (Signature) [signed]
WITNESS: [signed]
Ft. Pierce, FL    South Milwaukee, WI
City    State    City    State

**CORPORATE SURETY**

Signed this ___ day of _____, 20___ at _____, Florida
SURETY: _____ AGENT: (Signature) _____
                                  PRINT NAME: _____
City    State

**INDIVIDUAL SURETIES**

Signed this 17th day of March, 2015 at Ft Pierce, FL
SURETY: (Signature) [signed]
PRINT NAME: Jitka Hanakova
RELATIONSHIP TO DEFENDANT: fiance
South Milwaukee, WI
City    State

Signed this ___ day of _____, 2015 at _____, FL
SURETY: (Signature) _____
PRINT NAME: _____
RELATIONSHIP TO DEFENDANT _____
City    State

Signed this ___ day of _____, 20___ at _____,
SURETY: (Signature) _____
PRINT NAME: _____
RELATIONSHIP TO DEFENDANT _____
City    State

Florida Signed this ___ day of _____, 20___ at _____, Florida
SURETY: (Signature) _____
PRINT NAME: _____
RELATIONSHIP TO DEFENDANT _____
City    State

**APPROVAL BY COURT**

Date: March 17, 2015

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE



**CASHIER'S CHECK**  1196108601

| | | 25-3 |
|---|---|---|
| | | 440 |

Date 03/17/2015   Void after 7 years

Remitter: JITKA HANAKOVA

Pay To The Order Of: CLERK, UNITED STATES COURT

Pay: FIVE THOUSAND DOLLARS AND 00 CENTS       $** 5,000.00 **

Drawer: JPMORGAN CHASE BANK, N.A.

*Paulahey*

Senior Vice President
JPMorgan Chase Bank, N.A.
Columbus, OH

Do not write outside this box

Memo: _____
Note: For information only. Comment has no effect on bank's payment.

⑈1196108601⑈  ⑆044000037⑆  7586613261⑈

---

Court Name: SOUTHERN DISTRICT OF FLORIDA
Division: 2
Receipt Number: FLS200000778
Cashier ID: ilara
Transaction Date: 03/17/2015
Payer Name: Jitka Hanakova

TREASURY REGISTRY
 For: David Robert Sutton
 Case/Party: D-FLS-2-15-MJ-000030-001
 Amount: $5,000.00

CHECK
 Remitter: Jitka Hanakova
 Check/Money Order Num: 1196108601
 Amt Tendered: $5,000.00

Total Due:      $5,000.00
Total Tendered: $5,000.00
Change Amt:     $0.00

15MJ00030-001-FJL
US v. David Robert Sutton
Apperance Bond
Remitter Info: Jitka Hanakova

Returned check fee $53

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

